(Court of Appeal, Parish of Orleans.)

## ALBERT GOURGOT, vs. MRS. WID GEORGE TAYLOR

1. Where the surviving spouse, upon furnishing proof of death, causes herself to be sent in possession of her portion of the community property as owner and as usufructuary of the other half, during her life, and subsequently petitions to be put in possession of the entire property as owner alleging to be the only heir of her deceased husband, held: That the affidavits used in the first proceeding, reciting the death of the other spouse; that there was no issue of the marriage; that deceased had married but once and had left no ascendants nor collaterals, offered in second proceeding, was proof sufficient of the non-existence of any heir of the deceased husband.

2. More than three years having elapsed since the rendition of the decree recognizing the surviving spouse as the only heir of the deceased husband, the fact that the bond fixed by the Court and furnished by her under the decree was insufficient in amount, cannot now affect her title to the property.

Appeal from Civil District Court, Division "E."

A. E. and O. S. Livaudais, for Plaintiff and Appellee.

Dinkelspiel and Hart, for Defendant and Appellant.

ESTOPINAL, J. This is an appeal from a judgment making absolute a rule to compel acceptance of title.

The property, the title of which is in contest here, was sold by the Sheriff by virtue of a writ of seizure and sale and was adjudicated to a Mrs. Perrier, appellant herein, who rejected same on the ground that a full and complete title did not rest in defendant in execution.

The record discloses that on the 10th of May, 1899, Mrs. Elizabeth Hannah Taylor, widow of George Taylor, filed a petition alleging the death of her husband; that he left no heirs, descendants, ascendants nor collaterals and leaving an estate consisting of certain immovable property; that under the law she was entitled to one-half thereof in full ownership and to the usufructuary of the other half during her life; that she desires to be put in possession of the Estate of her deceased husband as owner of the one-half and usufructuary of the other half.

24

Annexed to her petition we find second affidavit to the effect that her deceased husband had only married once and that there had been no issue of said marriage to petitioner and that he had no ascendant nor collateral relations.

Upon this showing, on the 11th day of May, 1899, the Court gave judgment conformably to petitioner's prayer.

Petitioner then filed on the 7th of June, 1899, another petition claiming to be the only heir of her deceased husband, who, she alleges, had left no ascendant, descendant nor collateral heirs; that she was entitled therefore to be recognized as the owner of the whole property left by her husband in her capacity of widow in community and sole heir. She prayed that an inventory be taken, that an attorney be appointed to represent absent heirs and that the amount of the bond to be furnished by her be fixed by the Court.

The Court ordered the inventory made and named W. F. Formento, Esq., as Notary and John G. Robin, Esq., as Attorney to represent absent heirs. We find that the attorney for the absent heirs was present at the taking of the inventory, which amounted to Five Hundred and One ($501.00) Dollars.

The Court fixed the bond at One Hundred and Fifty Dollars ($150.00) and gave judgment conditional upon the furnishing of said bond, recognizing the widow of George Taylor, Mrs. Elizabeth Hannah Taylor as his heir and putting her in possession of the property inventoried.

The main objections urged against the validity of the title are:

First. The proceedings were not conducted contradictorily with the attorney for absent heirs.

Second. That the order for judgment sending the widow into possession was ex parte, and that it does not appear on its face that the judgment was founded on any evidence at all, and, that the judgment does not appear to have been signed in open Court.

Third. That the bond fixed by the Court was insufficient.

The proceedings as reviewed by us here appear to be a sufficient and proper compliance with the legal provisions governing in such as the case at bar.

The attorney for absent heirs appears to have discharged the duties imposed upon him by law.

The judgment recites that the law and the evidence justified

its rendition in favor of the petitioner and meets fully the requirements of the constitution as interpreted by the Supreme Court in a number of decisions. Defendant in rule urges that the bond fixed and given in the sum of $150.00 was insufficient inasmuch as the property inventoried amounted to $501.00 being a sum less than half of the inventory.

Six years have elapsed since this bond was given during which the widow has remained in undisturbed possession, no heir having appeared and none being alleged by defendant in rule; and we are of opinion under the circumstances and the jurisprudence laid down by the Supreme Court, that the adjudication would be absolutely safe in accepting the title offered her.

In Billgery, vs. Billgery, 34 A. 388 the Court said:

"The latter judgment, predicated upon proof made of the non-existence of any heir of the deceased wife, must stand until annulled or set aside by a direct action by heirs of the deceased wife, and is in our opinion a legal protection to the purchaser, "quoting 32 An. 425; and further: "The argument that Hays did not comply with the decree of the Court of Probate requiring him to give the bond prescribed by Art. 981 of the Civil Code, he was not legally put in possession, falls harmless in the face of the consideration that the law does not contemplate the nullity of the decree as a consequence of the surviving husband failing to furnish the required bond, and is further met and overcome by the fact that the bond is intended by the law in order to secure the restitution of the estate in case any heir should come forward within the space of three years after his having been put into possession, after which term the security shall remain discharged from his obligation, as it appears that more than five years have elapsed from the date of the judgment to the date of the institution of this suit. Under the circumstances and the issue presented in this case, this bond would have served no useful purpose and it does not lie in the mouth of a third party to invoke any consequence resulting from the failure of Hays to furnish bond."

We have examined closely the case relied upon for a reversal of Judgment "Succession of Nash. 48 A 1574" but failed to find wherein it applies to the case at bar or in any way overrules the Billgery case.

In the Nash case the "legality of the proceedings putting the surviving spouse in possession as heir" was not the is-

sue as in the case at bar and Billgery case, the one being whether the prescription of three years could be invoked by the surviving spouse as against heirs claiming an interest in the property.

We think that a full and proper showing has been made that there existed no heirs, the affidavits used in the first proceeding forming part of the record offered in evidence in the second proceeding, being sufficient evidence upon which to predicate the second judgment.

After considering carefully all the objections urged by defendant against the title offered we do not see that there will be any danger of her being even disturbed in the possession of the property.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, defendant in Rule to pay cost.

November 27, 1905.

Rehearing granted Dec. 11, 1905.

Appeal dismissed Feb. 19, 1906.